**FILED & ENTERED**

**JAN 14 2014**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY gae      DEPUTY CLERK**

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re<br><br>ARNOLD KLEIN,<br><br>Debtor. | Case No.: 2:11-BK-12718RN<br><br>Chapter 11<br><br>**ORDER SUSTAINING THE OBJECTION TO THE ADMINISTRATIVE CLAIM OF DAVID CHARLES RISH, M.D., a Medical Corporation**<br><br>DATE:     November 13, 2013<br>TIME:     9:00 a.m.<br>PLACE:    Courtroom 1645 |

On November 13, 2013 at 9:00 a.m. in Courtroom 1645 of the above entitled Court, the Honorable Richard M. Neiter, United States Bankruptcy Judge presiding, heard the Movant/Trustee Bradley Sharp's ("Movant") Objection to the Administrative Claim of David Charles Rish, M.D., a Medical Corporation ("Objection"). Thomas M. Geher of Jeffer Mangels Butler & Mitchell LLP appeared on behalf of the Claimant David Charles Rish, M.D., a medical corporation; Peter Gurfein of Landau Gottfried & Berger LLP appeared on behalf of the Movant; and no other appearances were made. After hearing arguments of counsel, the Court took the matter under submission and permitted

1

the parties to submit supplemental briefs in support of their respective positions no later than December 10, 2013.

Based upon the Objection, the Opposition to Chapter 11 Trustee's Objection to Administrative Claim of Charles David Rish, M.D. a Medical Corporation ("Opposition"), the Chapter 11 Trustee's Reply in Support of Objection to Administrative Claim of David Charles Rish, M.D., a Medical Corporation ("Reply"), the Supplemental Opposition to Chapter 11 Trustee's Objection to Administrative Claim of Charles David Rish, M.D. a Medical Corporation ("Suppl. Opp'n."), and the Chapter 11 Trustee's Supplemental Brief in Support of Objection to Administrative Claim of Charles David Rish, M.D. a Medical Corporation, and the arguments of counsel at the hearing on November 13, 2013, the Court sustains the Objection based on the following findings of fact and conclusions of law.

Claim #22-1 ("Rish Claim") filed by David Rish, M.D., a medical corporation ("Rish MD"), asserted an unsecured claim for $157,601.84 plus an indefinite amount owing between $30,100-$46,100. At the time of the petition, Arnold William Klein, M.D., a Medical Corporation ("Klein MD"), and Rish MD had an existing "Agreement to Share Office Space and Expenses" ("Agreement") dated November 4, 1987. The agreement was terminated when Debtor terminated the lease of the office space located at 435 North Roxbury Drive in Beverly Hills ("Roxbury Office") postpetition. The Rish Claim has three components: (i) for prepetition claim between 9/1/10-1/15/11 for unpaid "draws" to which Dr. Rish is entitled pursuant to the

2

parties' Agreement totaling $157,601.84[1]; (ii) unpaid postpetition "draws" equal to 40% of the total receipts generated by Dr. Rish in the approximate amount of $24,000-$40,000; and (iii) converted personal properties relating to Dr. Rish's medical practice totaling $6,100. In his Opposition, Dr. Rish asserted a postpetition claim against the Debtor's estate in the sum of $92,213.72.[2] The Trustee does not challenge this amount.

It is uncontroverted that Claim 22-1 is not a contractual liability of the bankruptcy estate of the Debtor. Claim 22-1 arises from the Agreement between the medical corporations Klein MD and Rish MD notwithstanding that the parties each signed the document as individuals and as presidents of their respective corporations. The Agreement provided further that references to Klein or Rish pertain to the principal shareholders of the corporations and not as individual parties. Neither did the Debtor guarantee the debt.

For the Rish Claim to be valid against the Debtor's individual estate, it must fall under the tort claim exception to administrative claims permitted under § 503(b)(1)(A). As a general rule, a claimant will be entitled to an administrative priority claim under § 503(b)(1)(A) if claimant is able to demonstrate that the administrative claim (a) arose from a transaction with the DIP as opposed to the preceding entity (or, alternatively, that the claimant gave consideration to the DIP); that (2) directly and

---

[1] Pursuant to the Agreement, Dr. Rish is entitled to the following per month: (a) 40% of the first $40,000 of Dr. Rish's monthly gross collections; (b) 50% of the next $20,000 of his monthly gross collections; and (c) 55% of his monthly gross collection exceeding $60,000. Dr. Rish is also entitled to draw $15,000 per month from the parties' "common account" which shall constitute an advance against sums to which Rish is entitled as set forth above. Obj'n. Ex. 1 ¶ 7 *et seq*.

[2] According to Dr. Rish's declaration, after Dr. Rish's counsel's numerous requests to the trustees of the Debtor's estate and the Klein MD estate, MD Systems provided Dr. Rish with an accounting of all postpetition monies deposited into the Common account including postpetition money deposited from the collection of bills sent to patients of Dr. Rish. Rish Declaration ¶ 21.

3

substantially benefitted the estate. Microsoft Corp. v. DAK Indus., Inc., (In re DAK Indus., Inc.), 66 F.3d 1091, 1094 (9th Cir. 1995). The claimant has the burden of proving the claim satisfies this standard. Id. An administrative claim is granted if it reppresents "actual, necessary costs and expenses of preserving the estate, including wages, salaries, commission for service rendered after the commencement of the case." 11 USC § 503(b)(1)(A)(i).

However, postpetition damage claims arising from a DIP or a trustee's tort can be given administrative priority as well. Reading Co. v. Brown, 391 U.S. 471, 485, 88 S. Ct. 1759 (1968) (damages resulting from the negligence of a bankruptcy receiver acting within the scope of his authority as receiver gave rise to "actual and necessary costs" of a Chapter XI arrangement). Tort claims arising postpetition are deemed "actual and necessary expenses" of preserving the estate for purposes of claim allowance notwithstanding the lack of benefit to the estate. In re Beyond Words Corp., 193 B.R. 540, 544-45 (N.D. Cal. 1996); In re Lazar, 207 B.R. 668, 681 (Bankr. C.D. Cal. 1997). Thus, absent a finding that the liability arose from a tort committed by the Debtor, both the prepetition and postpetition claims are against the medical corporation's bankruptcy case and not the individual bankruptcy case of Dr. Klein.

Here, Dr. Rish's claim for conversion by the Debtor cannot survive because no facts have been shown to demonstrate a tortious act of conversion by the Debtor. As recognized by the Ninth Circuit, conversion has three elements under California law: "[plaintiff's] ownership or right to possession of property, [defendant's] wrongful disposition of the property right and

4

damages." G.S. Rasmussen & Assocs., Inc. v. Kalitta Flying Service, Inc., 958 F.2d 896, 906 (9th Cir. 1992). Based on the facts presented in this case, Dr. Rish failed to satisfy the second element for conversion in California.

### *(a)  Dr. Rish's ownership right*

The California Supreme Court stated, "[w]hile it is true that money cannot be the subject of an action for conversion unless a specific sum capable of identification is involved [citation], it is not necessary that each coin or bill be earmarked." PCO, Inc. v. Christensen, Miller, Fink, Jacobs, Glaser, Weil & Shapiro, LLP, 150 Cal. App. 4th 384, 396 (2007) citing Haigler v. Donnelly, 18 Cal. 2d 674, 681 (1941).

Based on Dr. Rish's declaration in support of his response to Movant's Objection, approximately $92,000 was collected from Dr. Rish's patients for services rendered by him postpetition that were deposited into the "Common Account". Rish Declaration ¶ 21. Pursuant to the Agreement, "all accounts receivable based on services rendered shall remain the separate property of each Physician subject to distribution as provided in Art. 7 of this Agreement." The distribution provision of Art. 7 provides Dr. Rish is entitled to a sum equal to the following on a monthly basis:

a. 40% of the first $40,000 of his gross collection;
b. 50% of the next $20,000 of his gross collection; and
c. 55% of any sum in excess of the first $60,000.

It further provides that Dr. Rish is entitled to a monthly draw of $15,000 per month from the Common Account as an advance against sums due to him monthly. Agreement ¶ 7.03. Dr. Rish shall be entitled to draw the balance of the sum equal to the calculations set forth

5

in the Agreement on the 30th of each month from the Common Account "or as soon thereafter as necessary computations are completed in order to determine the sum to which Dr. Rish is entitled." Id. The Agreement then provided that Dr. Klein shall be entitled to receive all sums remaining in the Common Account after payment of overhead expenses and all sums payable to Dr. Rish. Id., ¶ 7.04. Furthermore, every 6 months (in June and December), the parties shall cause an accounting semi-annually of all gross collections and sums withdrawn by or paid to Rish from the Common Account as soon as practicable following the close of each such 6-month period. Id., ¶ 8.03.

Accordingly, Articles 6, 7 and 8 of the Agreement set forth the parties' entitlement to funds collected. Dr. Rish has a right to a certain percentage of the $92,000 balance in Dr. Rish's account. *See* Response Ex. B. The exact amount is unclear as the evidence presented does not clearly explain the amount owing to each doctor entitled to money from the Common Account based on the Agreement's accounting procedure. Furthermore, the proof of claim shows Dr. Rish's postpetition claim to encompass January 16, 2011 (the petition date) through July 2011. The Exhibit B to the Response shows a range of January 19, 2011 to May 29, 2013.

### (b) *Wrongful dominion and control*

"Conversion is any act of dominion wrongfully exerted over another's personal property in denial of or inconsistent with his rights therein." Fischer v. Machado, 50 Cal. App. 4th 1069, 1072 (1996) citing Weiss v. Marcus, 51 Cal. App. 3d 590, 599 (1975). Under California law, "conduct amounting to a breach of contract becomes tortious only when it also violates an independent duty

arising from principles of tort law." Petralia v. Jercich (In re Jercich), 238 F.3d 1202, 1206 (9th Cir. 2001); *see also* Rella v. N. Atl. Marine Ltd., 2004 U.S. Dist. LEXIS 11567 at 15, 2004 WL 1418028 (S.D.N.Y. 2004) ("[F]or a conversion claim to succeed in the context of a dispute regarding a contract, the breach of contract must result in some 'wrong' that is separately actionable.").

As other courts have noted, "[i]n general, a conversion action cannot be maintained where damages are merely being sought for breach of a contract." First Global Communs., Inc. v. Bond, 2006 U.S. Dist. LEXIS 5919, 13, 2006 WL 231634 (W.D. Wash. Jan. 27, 2006) citing Geler v. Nat'l Westminster Bank USA, 770 F. Supp. 210, 214 (S.D.N.Y. 1991) (applying New York law); Wechsler v. Hunt Health Sys., 330 F. Supp. 2d 383, 431-432 (S.D.N.Y. 2004) (A conversion claim that merely duplicates a breach of contract claim is not actionable.) (citations omitted).

Here, Dr. Rish identifies no non-contractual duty owed to him separate from his rights under the Agreement. His conversion theory is based on the Debtor's failure to pay the amount Dr. Rish is entitled under the Agreement. The basis of his claim arose from the Agreement. His declaration states Debtor failed to provide Dr. Rish with an accounting postpetition and refused to disburse to Dr. Rish funds deposited into the Common Account less the money Dr. Rish owed under the Agreement. Rish Declaration ¶ 19. This occurred in January 2011 when the Debtor commenced his chapter 11 case. Id. Dr. Rish stated that he vacated the property after the petition date which would have terminated the Agreement. Arguably, that occurred in July 2011 per his proof of claim. Plaintiff did not meet his burden of demonstrating an independent wrongful conduct of Debtor

7

exercising dominion over the funds other than Dr. Rish was not paid when he made a demand for payment. Dr. Klein's control of the "Common Account" was pursuant to the Agreement and not based on a wrongful exercise of dominion or control over the funds for purposes of conversion. *See* In re GSM Wireless, Inc., 2013 Bankr. LEXIS 3298, at 142-44 (Bankr. C.D. Cal. Apr. 5, 2013). Dr. Rish did not raise any facts that would demonstrate a wrongful act other than arguing the Debtor "failed to distribute to Rish the sum of $157,601.84," "failed to provide [Dr. Rish] with an accounting for the collection of fees charged for services rendered by Rish for Rish's patients," and "continued to refuse to disburse to Rish those funds of Rish deposited into the Common Account" pursuant to the Agreement. Rish Declaration ¶¶ 17 and 19.

Dr. Rish has identified no wrongful exercise of control over the funds that would support a conversion claim. There was no showing that Dr. Klein misappropriated the funds to which he is entitled or that the funds were not used to pay shared office expenses. The evidence does not support a claim for conversion. To rule that Debtor's failure to pay when a demand was made, without more, constitutes conversion would make any breach of contract into a conversion action. That cannot be and is not the law. A mere contractual right of payment that was not honored, without more, does not constitute conversion. Farmers Ins. Exchange v. Zerin, 53 Cal. App. 4th 445, 452 (Cal. App. 3d 1997).

Much of Dr. Rish's analysis has been given to the cases of Schroeder v. Auto Driveaway Co., 11 Cal. 3d 908 (1974); McCafferty v. Gilbank, 249 Cal. App. 2d 569 (1967); Fisher v. Machado, 50 Cal. App. 4th 1069 (1996); and Weiss v. Marcus, 51 Cal. App. 3d 590

(1975). However, while Dr. Rish cites to the holdings of the cases, they are not dispositive of the issues raised in the Objection.

In McCafferty, the California appellate court held that an agent who is notified of a third party's paramount right to certain funds but nevertheless pays such funds to its principal is liable for conversion. 249 Cal. App. 2d at 576. In McCafferty, the appellate court found that a third party had an equitable lien on certain funds held by an attorney who was an agent of his client.

Weiss has a similar fact pattern to McCafferty. In Weis, a personal injury victim hired a lawyer to provide legal services pursuant to a contingency fee arrangement and a lien on all amounts recovered. The lawyer was discharged before the case concluded. The former client then obtained a settlement but refused to pay the lawyer. The appellate court found that the lawyer stated a cause of action for conversion.

Dr. Rish contends that similar to the defendant in McCafferty, Debtor knew that the monies paid by Dr. Rish's patients belong to Dr. Rish and that Dr. Rish has "paramount" title to the money at issue. Suppl. Opp'n. at 4. Thus, when Debtor "wrongfully took Rish MD's money and refused to turn it over to Rish MD Corp.," Debtor "became liable to Rish MD Corp for conversion." Id.

In contrast, however, no evidence was presented that Debtor wrongfully took the money of Dr. Rish. The Agreement authorized the Debtor to be the signatory in the Common Account and Dr. Rish is not entitled to the full amount paid by his patients but a percentage of such amount based on the accounting agreement in place between the parties. There was no evidence presented that Dr. Rish's rights are paramount to those of the Debtor pursuant to the

Agreement. His right to a distribution under the Agreement is no more superior than Debtor's right to his own distribution pursuant thereto. Lastly, the factual findings in Weiss and McCafferty assisted in deciding whether the pleadings stated sufficient causes of action for conversion. The appellate courts in both cases did not establish liability for conversion based on facts presented.

Similarly, Fischer speaks about the principle of an agent's liability for conversion when the agent was required to turn over to his principal a defined sum received by him on his principal's account. Fischer, 50 Cal. App. 4th at 1072. Unlike Fischer, however, there is no evidence that the Debtor is an agent of Dr. Rish. In Fischer, the court found that the defendant was designated as a "sales agent" of the plaintiff thereby establishing an agency relationship. Id. As an agent, defendant had the obligation to turn over the definite sum received by it on plaintiff's account. Id. at 1074. An agency relationship does not exist between Dr. Rish and Debtor. Receipts for services rendered by the participating doctors were collected, commingled and the parties were contractually bound to get their respective portions of the indistinguishable proceeds.

In Schroeder, the defendant was found liable for conversion after she drove a van containing plaintiff's personal possessions for an unauthorized sight-seeing detour to the Grand Canyon where the vehicle "skidded off a mountain road" which caused Plaintiff's possessions to be ruined or lost. Schroeder, 11 Cal. 3d at 914. In Schroeder, defendant's wrongful conduct of depriving plaintiff of her personal properties was clearly demonstrated and defendant's failure to return or account for the properties

constituted conversion. Here, Dr. Rish's entitlement to certain funds is limited by the parties' Agreement. His right to such funds is not immediate nor does it apply to a specific gross amount. Rather, it was subject to an accounting every month and every six months after various costs in operating the doctors' medical practice were paid. Moreover, as explained, no wrongful conduct was shown separate from Debtor's failure to make a payment to Dr. Rish pursuant to the parties' Agreement which is a breach of contract claim.

### (c) *Damages*

As stated, it is unclear from the evidence presented the amount owed to Dr. Rish. The issue is immaterial, however, as Dr. Rish cannot claim an administrative expense against this Debtor's estate.

Based on the foregoing reasons, and good cause appearing,

IT IS HEREBY ORDERED that the Objection is SUSTAINED. Dr. Rish's postpetition claim does not rise to the level of an administrative claim against the individual estate based on a tort by the Debtor.

IT IS FURTHER ORDERED that the claim is disallowed in full against the individual bankruptcy case of Dr. Klein.

Date: January 14, 2014

Richard M. Neiter
United States Bankruptcy Judge